UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

KARL MECHE                                                                    CIVIL ACTION

VS.                                                                                      NO. 2:18-CV-3995

METROPOLITAN LIFE INSURANCE COMPANY

## COMPLAINT

The Complaint of Karl Meche respectfully alleges:

1. This is a claim for ERISA long term disability benefits.

2. This Court has jurisdiction and venue under 29 U.SC. Sec. 1001 et. Seq; 29 U.S.C. Sec. 1132(e)(1)(2).

3. Plaintiff, **Karl Meche**, of lawful age and a resident of Lake Charles, Louisiana, is a plan participant and beneficiary of an ERISA plan created by his employer, Air Liquide USA LLC and an insured participant of a group disability policy issued by MetLife.

4. Defendant, **Metropolitan Life Insurance Company ("MetLife")**, is a foreign corporation, doing business in Louisiana. Upon information and belief, MetLife is incorporated in New York, New York, and its principal place of business is in the state of New York.

5. MetLife issued a group disability policy insuring the employees of Air Liquide USA LLC. Plaintiff is a beneficiary and insured under the policy.

6. ERISA mandates that all plan administrators discharge their duties in the interest of plan participants and beneficiaries.  29 USC Sec. 1104(a)(1).

7. Plaintiff injured his back at work around July 2016, which caused him to take disability leave.

8. MetLife initially approved his claim for short term disability benefits.  However, it denied his long-term disability benefits, asserting that his claim is precluded by the policy's pre-existing condition exclusion.

9. Plaintiff submitted an appeal of the denial of benefits explaining that his work-related injury required that he take disability leave around July 21, 2016.  This injury has caused intense debilitating pain in his middle to upper part of his lower back.  This pain is located above his prior lumbar fusion. Plaintiff also submitted statements from his treating providers demonstrating that Plaintiff's disabling pain is different from the pain experienced pre-injury.

10. MetLife denied the appeal, explaining that it had received the appeal documentation but that its in-house nurse consultant found that he had received treatment for lumbar back pain during the pre-existing period.

11. MetLife's decision to deny this claim is inconsistent with the medical evidence it has reviewed, as well as the opinions of treating providers familiar with his medical condition.

12. Despite receiving proof of loss demonstrating Plaintiff's entitlement to disability benefits MetLife has wrongfully denied benefits.

13. MetLife's denials are based on insubstantial evidence and are arbitrary and an abuse of discretion.

14. Plaintiff has exhausted his administrative remedies and now files this suit to reverse MetLife's denial of benefits.

15.  MetLife has abused its discretion as plan administrator by denying Plaintiff's claim for disability benefits in bad faith.

16. MetLife administered Plaintiff's claim with an inherent and structural conflict of interest as MetLife is liable to pay benefits from its own assets to Plaintiff, and each payment depletes MetLife's assets.

17. MetLife chooses to conduct reviews of denied claims in order to maintain strict control over its risk of loss and to maintain higher profit margins than if a financially independent third party decided the appeals.

18. As a routine business practice, MetLife uses the appeals process to support initial benefit denials rather than to review impartially whether it should reverse appealed denials.

19. Plaintiff has been denied the benefits due to him under the Plan, has suffered, and is continuing to suffer economic loss as a result.

20. Plaintiff is entitled to an award of interest on all money that Defendant should have paid to Plaintiff.

21. Defendant's denial has required Plaintiff to hire attorneys to represent her in this matter to recover benefits due to her under the Plan.

**WHEREFORE**, Plaintiff prays for judgment against each Defendant as follows:

1. For all benefits due Plaintiff in the past and future under the Plan, plus pre- and post-judgment interest;
2. For all reasonable attorney fees;
3. For costs of suit; and

4. For all other relief as the facts and law may provide.

                    Respectfully submitted,

                    /s/ Reagan Toledano
                    Willeford & Toledano
                    Reagan L. Toledano (La. 29687)(T.A.)
                    James F. Willeford (La. 13485)
                    201 St. Charles Avenue, Suite 4208
                    New Orleans, Louisiana 70170
                    (504) 582-1286; (f) (313)692-5927
                    rtoledano@willlefordlaw.com